UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

STEVEN DEWADE DEMMING     CIVIL ACTION NO. 15-cv-0945

VERSUS     JUDGE HICKS

SHREVEPORT CITY JAIL, ET AL     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Steve D. Demming ("Plaintiff"), who is self-represented, alleges that he was kept incarcerated in the Shreveport City Jail beyond the term of his sentence. The City of Shreveport and Police Chief Willie Shaw have filed a Motion for Summary Judgment (Doc. 26) that is before the court. For the reasons that follow, it is recommended that the motion be granted and that this action be dismissed.

**Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 (1986). If the moving party carries his initial burden, the burden then falls upon the nonmoving party to demonstrate the existence of a genuine dispute of a material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S.Ct. 1348, 1355-56 (1986).

**Relevant Facts**

Plaintiff alleged in his original and an amended complaint (Docs. 1 and 7) that he was sentenced to serve 60 days in jail for simple battery, but he was kept in jail longer than the appropriate term. Plaintiff alleged that he was jailed "on or around about June 12, 2014 and wasn't released until or about August 8, 2014 where I was held for 25 days. I was made a trustee where I was receiving good time of 2 for 1 and had me over the amount of days that they were suppose to by legal law ... ." Plaintiff stated in his amended complaint that he was jailed for 85 days rather than 60 days.

Defendants have submitted a certified copy of court and jail records. The documents reflect that Plaintiff was arrested in February 2014 after an incident in which he sexually harassed a woman, rubbed up against her with his groin, and threatened to harm the woman and her daughter if she called the police. The arresting officer reported that Plaintiff appeared to be highly intoxicated.

Plaintiff went to trial in Shreveport City Court in May 2014 and was found guilty of simple battery. His sentence included 60 days in jail, suspended, and probation for one year. Plaintiff apparently did not comply with the requirements of probation or his sentence; a bench warrant issued for him on June 11, 2014.

Plaintiff was booked into jail on the bench warrant on June 12, 2014. He later appeared in court, where a judge ordered that the suspended 60-day sentence was imposed, and Plaintiff was remanded to jail to serve the 60 days with credit for time served. Plaintiff was released from the jail on August 6, 2014, which was 55 days after he was booked.

**Analysis**

Defendants' sole argument is that they should be dismissed because the Fifth Circuit held in Brooks v. George County, 84 F.3d 157, 167 (5th Cir. 1996) that the Fourth Amendment is inapplicable when a challenge is solely to continued incarceration as opposed to the arrest and seizure of the person. The Fifth Circuit has also held, however, that "a jailer has a duty to ensure that inmates are timely released from prison." Porter v. Epps, 659 F.3d 440, 445 (5th Cir. 2011). The jailer is not a surety for the legal correctness of a prisoner's commitment, but he is under an obligation to protect a prisoner and effect his timely release. Id. The court cited Porter in a prior order and noted the jailer's duty. Doc. 24.

Some of the documents submitted by Defendants do make reference to 85 days. Plaintiff points to those references to back his allegations. The court is unfamiliar with the record keeping system employed by the city, and Defendants did not offer any explanatory

affidavits, so the court is not sure of the context of the reference to 85 days. Plaintiff alleged in his complaint that he was entitled to an early release based on good time credits, but the court records contains no reference to or explanation of any such credits. Some credit may have been applied, as the one fact that is known is that Plaintiff was released after serving only 55 days between June 12 and August 6, 2014.

Defendants have submitted adequate evidence to shift the summary judgment burden to Plaintiff. His response points to the same documents discussed above. There is nothing in the documents, at least as they have been explained by the parties, that would render the actions of Chief Shaw or the City a violation of a jailer's duty under the constitution. Plaintiff was sentenced to serve 60 days in jail, and he was released after 55 days. The court cannot find a constitutional violation based on those facts.

Accordingly,

**IT IS RECOMMENDED** that Defendants' Motion for Summary Judgment (Doc. 26) be granted and that all claims against all Defendants be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel

are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of December, 2016.

                                              Mark L. Hornsby
                                              U.S. Magistrate Judge